IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>KEYSHUNA K. FLETCHER<br><br>Defendant. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, the United States of America (United States), brings this civil action on behalf of the Railroad Retirement Board (RRB) under the Federal False Claims Act, 31 U.S.C. § 3729-3733, and the common law and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345 and its general equity jurisdiction.  This Court has personal jurisdiction over Keyshuna K. Fletcher (Fletcher) pursuant to 31 U.S.C. § 3732(a).  Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district.

### NATURE OF CLAIM

2.      This is a civil action by the United States of America against Fletcher under the civil False Claims Act, 31 U.S.C. § 3729(a)(1) and (a)(2).  This action seeks treble

damages and civil penalties against Fletcher for the submission of false claims to the United States.

## THE PARTIES

Plaintiff is the United States on behalf of its agency, the RRB.

Defendant is Fletcher who resides in Grand Prairie, Texas.  At all relevant times, Fletcher resided in the Northern District of Texas.

## FACTS

3.     Fletcher was employed by Union Pacific Railroad (Union Pacific) as a Conductor until 2008.  On or about November 24, 2008, Fletcher was laid off by Union Pacific.  Fletcher's railroad service employment made her eligible to receive Unemployment Insurance (UI) benefits after she was laid off.

4.     On or about December 22, 2008, Fletcher submitted form UI-1, Application for Unemployment Benefits and Employment Service, to the RRB to apply for RRB unemployment insurance (UI) benefits (the "Application").  Before she submitted her Application, Fletcher was provided RRB Booklet UB-10, which describes the rules and reporting requirements for collecting UI benefits.  Booklet UB-10 specifically states that the applicant may not receive UI benefits if she is gainfully employed elsewhere.  After receiving Booklet-10, Fletcher declared in the Application, "I understand and agree to the requirements set forth in Booklet UB-10."  The Application is completed and attested online. True and correct copies of Booklet UB-10 and the Application are attached hereto as Exhibits "A" and "B," respectively, and are incorporated herein.

5.      After reviewing the Application, the RRB approved Fletcher's Application for UI benefits and began paying Fletcher unemployment benefits.

6.      As a condition for continuing to receive UI benefits, Fletcher was required to submit to the RRB form UI-3, Claim for Unemployment Benefits, every two (2) weeks.  In the UI-3 form, the benefits recipient must declare that during the reporting period, she has not secured gainful employment and remains unemployed.  Fletcher completed these UI-3 forms and transmitted them electronically. The declaration of remaining unemployed is completed online.

8.      On May 12, 2009, while receiving UI benefits, Fletcher became employed by Petra Industries, Inc.  Fletcher was employed by Petra Industries Inc. from, at a minimum, May 12, 2009 through at least April 1, 2010.

9.      Despite being aware of her obligation to report any gainful employment to the RRB and ineligibility for UI benefits if she became employed, Fletcher failed to report her Petra Industries, Inc. employment to RRB.

10.      Instead of reporting her employment, during the period of March 12, 2009 through March 30, 2010, Fletcher repeatedly completed and submitted false and fraudulent UI-3 forms to the RRB declaring that she remained unemployed.  On each UI-3 form during this ten (10) month period, Fletcher marked each day as a day that she was unemployed and failed to report any wages that she received during the reporting period.

11.      In total, Fletcher submitted twenty-three (23) false and fraudulent UI-3 forms to the RRB.  False UI-3 forms were submitted by Fletcher for the following periods:

**Complaint - Fletcher - PAGE 3**

| Date | Exhibit |
|---|---|
| May 12 – May 26, 2009 | C |
| May 26 – June 9, 2009 | D |
| June 9 – June 24, 2009 | E |
| June 26 – July 8, 2009 | F |
| July 21 – Aug. 17, 2009 | G |
| Aug. 4 – Aug. 29, 2009 | H |
| Aug. 18 – Sep. 15, 2009 | I |
| Sep. 1 – Sep. 18, 2009 | J |
| Sep. 15 – Oct. 3, 2009 | K |
| Sep. 29 – Oct. 16, 2009 | L |
| Oct. 13 – Oct. 29, 2009 | M |
| Oct. 27 – Nov. 9, 2009 | N |
| Nov. 10 – Nov. 30, 2009 | O |
| Nov. 24 – Dec. 19, 2009 | P |
| Dec. 8, 2009 – Jan. 4, 2010 | Q |
| Dec. 22, 2009 – Jan. 26, 2010 | R |
| Jan. 5 – Jan. 26, 2010 | S |
| Jan. 19 – Feb. 10, 2010 | T |
| Feb. 2 – Feb. 18, 2010 | U |
| Feb. 16 – Mar. 3, 2010 | V |
| Mar. 2 – Mar. 17, 2010 | W |
| Mar. 16 – Mar. 29, 2010 | X |
| Mar. 30 – Apr. 16, 2010 | Y |

Collectively, Exhibits "C" through "Y," identified above, will be referred to herein as the "False UI-3 Forms."

12.     As a result of Fletcher's submission of the False UI-3 Forms, Fletcher received UI benefits totaling $13,161.00 while employed by and working for Petra Industries, Inc., which she was not entitled to receive.

13.     Based on the foregoing:

(a)     Fletcher knowingly, or in reckless disregard or deliberate ignorance of the truth or falsity of the information, presented or caused to be presented to an officer or employee of the United States government, false or fraudulent claims for payment or

approval; and

   (b) Fletcher knowingly, or in reckless disregard or deliberate ignorance of the truth or falsity of the information, made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the government.

  14. As a result of each of the false claims which Fletcher submitted for payment (the False UI-3 Forms), or as a result of false statements the Defendant knowingly used to get false claims paid (the False UI-3 Forms), the United States of America has been damaged in the amount of $13,161.00. Liability under the False Claims Act is treble the amount of actual damages **plus** a civil penalty of $11,000.00 per violation. Fletcher committed twenty-three (23) violations of the Act. As a result, Fletcher may be liable for treble damages of $39,483.00 together with civil penalties of $292,483.00.

## Count I
## False Claims Act

  15. The United States incorporates the allegations contained in the preceding paragraphs of this Complaint.

  16. Fletcher knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the government in order to receive $13,161.00 in railroad retirement benefits, which are federal funds, that she was not entitled to receive.

  17. The word "knowingly" being used here is defined in the False Claims Act;

that is, knowingly means "a person, with respect to information - (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b).

18.      In reliance on such false or fraudulent claims, the United States of America's disbursed federal funds to Fletcher.

19.      The United States has been damaged by Fletcher's conduct.  The United States requests treble damages plus penalties as provided under the False Claims Act. 31 U.S.C. §§ 3729-3733.

## Count II
## Common Law Fraud

20.      The United States incorporates the allegations contained in the preceding paragraphs of this Complaint.

21.      The conduct of Fletcher constitutes concealment, misrepresentation, or fraud upon the United States.

22.      The United States requests that Fletcher be ordered to reimburse all payments made for the retirement benefits she received as a result of false and fraudulent statements to the government and for such further relief as may be just.

## Count III
## Unjust Enrichment

23.      The United States incorporates the allegations in the preceding paragraphs of this Complaint.

24.      The federal monies received by Fletcher because of the fraud she

committed against the United States constitutes unjust enrichment of Fletcher.

25.     The United States requests damages, costs, attorney's fees and such further relief as may be just.

## Count IV
## Mistake of Fact

26.     The United States incorporates the allegations in the preceding paragraphs of the Complaint.

27.     Fletcher intentionally concealed her false and fraudulent claims from the United States.  The United States would not have paid the funds to Fletcher if it had known of the true nature of the claims being made upon it and Fletcher's intent to commit fraud.

28.     The payments made by the United States to Fletcher were made under the mistaken belief that Fletcher submitted statements that were true, complete, and accurate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America prays:

(a)     that is Court enter judgment against Fletcher in an amount of $39,483.00, which is equal to three times the amount of damages the United States has sustained because of Fletcher's actions, plus a civil penalty of $11,000.00 for each of the twenty-three (23) false claims submitted in violation of the False Claims Act, 31 U.S.C. § 3729;

(b)     that pursuant to 28 U.S.C. § 3011, this Court award a surcharge of ten percent (10%) of the amount of the debt as of the date of judgment;

( c )     that post judgment interest be awarded at the legal rate from and after the date of judgment, computed daily and compounded annually until paid in full;

**Complaint - Fletcher - PAGE 7**

(d)      that the United States be awarded costs, attorney's fees, and such further

relief as may be just under common law or the False Claims Act, 31 U.S.C. §§ 3729-

3733.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

requests a trial by jury.

Respectfully submitted,

STUART F. DELERY
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

s/ *Clay R. Mahaffey*
Clay R. Mahaffey
Assistant United States Attorney
Wyoming Bar No. 6-3355
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102-6882
Telephone:  817- 252-5403
Facsimile:   817-252-5457
clay.mahaffey@usdoj.gov